**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CODY ALLEN WITT,

Defendant - Appellant.

No. 24-1567

D.C. No.
4:16-cr-00257-BLW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted December 17, 2024[**]

Before: WALLACE, GRABER, and BUMATAY, Circuit Judges.

Cody Allen Witt appeals from the district court's judgment and challenges

the 21-month sentence imposed upon the second revocation of his supervised

release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Witt contends that the district court procedurally erred by failing to consider

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the 18 U.S.C. § 3553 sentencing factors and adequately explain the sentence imposed. Because Witt did not raise these claims in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The district court did not plainly err. The court adequately explained that an above-Guidelines sentence—with no supervision to follow—was warranted because Witt "spent more time worrying about how to beat the system than . . . about [his] addiction and how to treat it" and had not shown that continued supervision would be of any benefit to him. The court's explanation made clear its reasons for the sentence and demonstrated that it had considered the relevant § 3553(a) factors. *See* 18 U.S.C. § 3583(e); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (the district court is not required to "tick off" the § 3553(a) factors and need only explain the sentence sufficiently to provide "meaningful appellate review"). Moreover, Witt has made no argument as to how any of the alleged errors affected his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008) (to show plain sentencing error, a defendant must show a "reasonable probability" he would have received a different sentence absent the error).

**AFFIRMED.**

24-1567